Citation Nr: 1237399 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 03-27 786 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a left knee disability.


REPRESENTATION

Appellant represented by: Michael R. Viterna, Attorney at Law


ATTORNEY FOR THE BOARD

C. J. Houbeck, Associate Counsel



INTRODUCTION

The Veteran had active military service from February 1964 to February 1967. 

This matter initially came before the Board of Veterans' Appeals (Board) from a June 2003 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois, that denied the Veteran service connection for a left knee disability. The Board denied this claim in January 2006, and the Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (hereinafter the Court). In October 2006, the Veteran's representative and VA's Office of General Counsel filed a joint motion requesting that the Court vacate the Board's decision and remand the matter to the Board for further development and re-adjudication. That same month, the Court granted the joint motion, vacated the Board's decision, and remanded the case to the Board for compliance with the terms of the joint motion. In July 2007, the Board remanded the claim to the RO for further development and adjudication. In November 2007, the RO again denied the claim via the issuance of a supplemental statement of the case (SSOC).

The Board again denied the claim in March 2008, and the Veteran again appealed the decision to the Court. In April 2009, the Veteran's representative and VA's Office of General Counsel filed a joint motion requesting that the Court again vacate the Board's decision and remand the matter to the Board for further development and re-adjudication. That same month, the Court granted the joint motion, vacated the Board's decision, and remanded the case to the Board for compliance with the terms of the joint motion. The Board again remanded the claim in April 2010 for additional development. The RO subsequently denied the claim in August 2010, December 2011, January 2012, and September 2012 SSOCs.

The Board acknowledges that following the September 2012 SSOC, additional VA treatment records were associated with the Veteran's Virtual VA file. As the claim also is being remanded for the association of additional records, the RO will have the opportunity to consider this evidence in the first instance. See 38 C.F.R. § 20.1304 (2012).

The issues of entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and depression; diabetes mellitus, and high blood pressure have been raised by the record, but it is unclear whether the issues have been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 

The appeal is REMANDED to the Department of Veterans Affairs Regional Office. VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking entitlement to service connection for a left knee disability. Despite the extensive development already undertaken, the Board finds that the claim must again be remanded.

Initially, the Board notes that the Veteran was afforded multiple VA examinations for his left knee, most recently in October 2011. As the October 2011 VA examination report did not contain a rationale for the opinion provided, the RO subsequently requested an addendum opinion. In response, a July 26, 2012 examination note indicated that the Veteran's left knee disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. As to rationale, the opinion indicated, "I have reviewed the conflicting medical evidence and am providing the following opinion:", but the examiner did not finish the statement or provide any additional rationale or information. The RO requested further clarification. A September 2012 examination note indicated, "Requested medical opinion was provided in medical opinion #1 dated 7/26/12. Rationale to support the negative nexus opinion was provided in an addendum dated 7/18/12 and is attached to the original [Compensation & Pension] evaluation of 10/4/11." The Board notes, however, that the July 18, 2012 addendum referenced has not been associated with the claims file. 

Thus, there is no rationale of record for the opinions expressed in the October 2011 VA examination report and the subsequently requested July 2012 medical opinion. In that regard, the Board notes it is somewhat unclear from the record whether the referenced July 18, 2012 addendum exists or if that notation was a typographical error on the part of the VA examiner. As such, the Board concludes that a remand is required to afford the RO the opportunity to associate the referenced July 18, 2012 addendum with the claims file.

Should the July 18, 2012 addendum not be located, the claims file should be forwarded to an appropriate VA medical professional other than the October 2011 VA examiner for an additional medical opinion. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate).

In addition, as noted above, additional VA treatment records that included treatment for the Veteran's current left knee disability were associated with the Veteran's Virtual VA file subsequent to the September 2012 SSOC. The RO also should take the opportunity to consider these records prior to readjudicating the Veteran's claim.

Accordingly, the case is REMANDED for the following action:

1. The July 18, 2012 addendum associated with the Veteran's October 2011 VA examination (as referenced in the September 11, 2012 C&P examination note) should be obtained and associated with the claims file. Any negative responses should be documented in the file and the Veteran must be provided with an opportunity to provide such medical records.

2. Should the referenced July 18, 2012 addendum be determined to be unavailable, obtain a medical opinion from an appropriate medical professional other than the October 2011 VA examiner. If the reviewer determines that additional examination of the Veteran is necessary to provide a reliable opinion, such examination should be scheduled. However, the Veteran should not be required to report for another examination as a matter of course, if it is not found to be necessary. The claims file must be made available to and reviewed by the reviewer. The reviewer is asked to provide an opinion regarding whether it is as least as likely as not (50 percent probability or more) that any current disability of the left knee, was incurred in or is otherwise related to any incident of the Veteran's military service. In that regard, the reviewer is requested to consider, and discuss as appropriate, the July 2010 VA examination report and January 2008 and August 2010 statements from the Veteran's private physician.

It would be helpful if the reviewer would use the following language, as may be appropriate: "more likely than not" (meaning likelihood greater than 50%), "at least as likely as not" (meaning likelihood of at least 50%), or "less likely than not" or "unlikely" (meaning that there is a less than 50% likelihood). The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. The reviewer should provide a complete rationale for any opinion provided.

3. After the above is complete, readjudicate the Veteran's claim. If the claim remains denied, issue a supplemental statement of the case (SSOC) to the Veteran and his representative, and they should be given an opportunity to respond, before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).